QUESTION:
Does Ch. 77-201, Laws of Florida (s. 286.035, F. S.), which authorizes the chairman of the Constitution Revision Commission to perform certain ministerial-type functions in regard to expenses of the commission, prevent the commission from assigning or delegating functions of that nature to the executive director employed by the commission?
SUMMARY:
Pursuant to its constitutional power and duty to adopt its own rules of procedure, the Constitution Revision Commission may adopt a rule of procedure assigning or delegating to the executive director of the commission certain ministerial functions, such as the signing of travel vouchers. Neither Ch. 77-201, Laws of Florida, nor any other act of the Legislature, can restrict the power of the commission to determine its own rules of procedure.
The existence, powers, and duties of the Constitution Revision Commission are derived solely from the Constitution of this State (s. 2, Art. XI). In s. 2(c), Art. XI, State Const., it is provided:
 Each constitution revision commission shall convene at the call of its chairman, adopt its rules of procedure, examine the constitution of the state, hold public hearings, and, not later than one hundred eighty days prior to the next general election, file with the secretary of state its proposal, if any, of a revision of this constitution, or any part of it. (Emphasis supplied.)
In AGO 077-65, I stated my opinion that the proceedings of the Constitution Revision Commission are not subject to the requirements of Ch. 120, F. S., the Administrative Procedure Act. In that opinion I emphasized the constitutional derivation of the commission's powers, particularly as to procedural matters, and the lack of authority on the part of the Legislature to determine such matters:
 When the Constitution grants to a constitutionally created commission the power to adopt its own rules of procedure and such power is, therefore, derived solely and exclusively from the Constitution, legislative intervention into the manner of exercise of such power is unwarranted.
I further stated in AGO 077-65 that it is the constitutional duty of the commission `to adopt its own rules of procedure independent
of any of the three branches of government.' (Emphasis supplied.)
Thus, I am of the opinion that the Legislature's express recognition, in Ch. 77-201, Laws of Florida (s. 286.035, F. S.), that the chairman of the Constitution Revision Commission is authorized to `incur expenses related to the official operation of the commission or its committees, to sign vouchers, and to otherwise expend funds appropriated to the commission for carrying out its official duties' does not — and cannot, in the face of the language of s. 2(c), Art. XI, supra — prevent the commission from adopting a rule of procedure by which certain ministerial functions, such as the signing of travel vouchers, could be assigned or delegated to the executive director employed by the commission.
Prepared by: Jerald S. Price Assistant Attorney General